**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LaTONYA SHEARS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| UNIQ LOUNGE, LLC, | ) | |
| CORNELIUS BURKS AND | ) | JURY TRIAL REQUESTED |
| LaTOYA HENRY | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## COMPLAINT

NOW COMES Plaintiff, LaTonya Shears, and hereby files this action

pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* (hereinafter

"FLSA"), seeking payment for unpaid wages, liquidated damages, actual damages,

compensatory damages, for Defendants' violation of the FLSA. Plaintiff further

seeks reasonable attorneys' fees, costs and interest pursuant to 29 U.S.C. §216(b).

Plaintiff states the following as her Complaint in this matter:

**I.     JURISDICTION AND VENUE**

1.

Jurisdiction is conferred upon this Court by 29 U.S.C. §§216(b), 215(a)(3) of

the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under the laws

of the United States, and by 28 U.S.C. §1337, this action arising under an act of Congress regulating commerce.

2.

Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

3.

Based upon Plaintiff's information and belief, Defendant, Uniq Lounge, LLC ("Uniq"), is a Domestic Limited Liability Company organized and existing under the State laws of Georgia, with a principal place of business of 7830 Lake Crest Way, Douglasville, Georgia 30134.

4.

Service of process for Uniq can be effectuated through its registered agent, LaToya Henry, 7830 Lake Crest Way, Douglasville, Georgia 30134.

5.

Based upon Plaintiff's information and belief, Defendant, Cornelius Burks ("Burks"), is an adult resident citizen of Douglas County, Georgia.

6.

Defendant Burks is a person who acted directly or indirectly in the interest of an employer in relation to Plaintiff as defined by 29 U.S.C. 203(d).  Specifically, Mr. Burks made employment and compensation decisions related to the Plaintiff.

7.

Based upon Plaintiff's information and belief, Defendant, LaToya Henry ("Henry"), is an adult resident citizen of Douglas County, Georgia.

8.

Defendant Henry is a person who acted directly or indirectly in the interest of an employer in relation to Plaintiff as defined by 29 U.S.C. 203(d).  Specifically, Ms.Henry made employment and compensation decisions related to the Plaintiff.

9.

The cause of action set forth in this Complaint arose within this jurisdiction.

II.   **PARTIES**

10.

Plaintiff, LaToya Shears, is an adult resident citizen of Pinellas County, Florida.

11.

At all times relevant to this Complaint, Plaintiff was a "covered employee" as defined by 29 U.S.C. §203(e)(1).

12.

At all times relevant, Defendants employed Plaintiff to perform labor for their benefit in this District, and Defendants made employment and compensation related decisions regarding Plaintiff within this District.

13.

At all times relevant hereto, Plaintiff suffered and/or was permitted to work for the benefit of the Defendants.

14.

Defendant Uniq lists its principal office address as 7830 Lake Crest Way, Douglasville, Georgia 30134. Upon information and belief, Defendant Uniq is a domestic limited liability company conducting business within the State of Georgia and within this district.

15.

Defendant Uniq describes its business as a restaurant/bar and lounge.

16.

The Defendants are engaged in interstate commerce for purposes of the FLSA.

17.

Upon information and belief, Defendants' gross revenue is in excess of $500,000 per year.

18.

Defendants directed Plaintiff to individually engage in interstate commerce.

19.

Plaintiff, as part of her job duties, regularly engaged in interstate commerce.

20.

At all times relevant to this Complaint, Defendant Burks exercised control over significant aspects of Defendant Uniq's day-to-day functions, including compensation of employees and other matters in relation to Plaintiff's employment and compensation.

21.

Defendant Burkes directed Plaintiff's work, supervised Plaintiff's work, made compensations decision regarding the Plaintiff, determined how to classify Plaintiff pursuant to the FLSA, made compensation policy decisions, *etc.*

22.

Defendants are employers within the meaning of 29 U.S.C. §203(d) and are not exempt from the FLSA.

III.   **FACTUAL ALLEGATIONS**

23.

Plaintiff is an adult resident of the State of Georgia.   Plaintiff was first employed by the Defendants from on or about February 4, 2018 as a Head Chief/ Restaurant Manager.

24.

Plaintiff was employed in a position that involved interstate commerce as defined by the FLSA and/or was employed in an enterprise that engaged in interstate commerce.

25.

Upon information and belief, Defendants classified Plaintiff as a fulltime non-exempt employee, compensating her on an hourly basis at a rate of $12.00 per hour.

26.

In her position, Plaintiff was responsible for working in the kitchen, preparing food, ordering food and supplies, among others various duties, and which required her to utilize instrumentalities of interstate commerce.

27.

During times relevant, Plaintiff worked in excess of forty (40) hours per week, and reported these hours to the Defendants.

28.

Despite reporting these hours, the Defendants paid Plaintiff only at the straight time rate and failed to pay the overtime premium.

29.

When Plaintiff inquired as to the reason that the Defendants did not pay the overtime premium, Plaintiff was told that the Defendants paid straight time only.

30.

Plaintiff's last day of employment was August 12, 2018.

31.

Following the last week of Plaintiff's employment, the Defendants failed to pay Plaintiff her final paycheck on the Defendants' regular pay day.

32.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for the hours suffered on (including those minimum wages) on the regular paydays.

33.

Defendants have willfully failed to comply with the provisions of the FLSA, 29 U.S.C. §207, specifically, by failing to pay Plaintiff for all hours worked.

34.

Defendants have failed to keep accurate time records for the Plaintiff in conformity with the FLSA.

35.

Defendants failed to properly post the Department of Labor wage and hour notices in conspicuous places as required by 29 C.F.R. §516.4.

36.

Defendants knowingly, intentionally, willfully and recklessly failed to pay the Plaintiff in conformity with the requirements of the FLSA.

37.

Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have had a uniform policy and practice of consistently failing or refusing to fully compensate its employees for all time worked, including not receiving the straight time wages and overtime premium wages.

38.

For at least three (3) years, Defendants have been aware of the requirements of the FLSA, the Department of Labor's regulations, and their own violations of the FLSA. Despite this knowledge, Defendants failed to pay Plaintiff the amount of pay as required by law.

39.

Upon information and belief, Defendants have negligently, intentionally and repeatedly failed to pay minimum wages and wages when due.

40.

As a result of the Defendants' violation of the FLSA, Plaintiff has suffered damages by failing to receive compensation due in accordance with the FLSA.

41.

Plaintiff is entitled to the amount of unpaid wages and is also entitled to recover an additional equal amount as liquidated damages pursuant to the FLSA and prejudgment interest.

42.

Defendants have not made a good faith effort to comply with the FLSA.

43.

Plaintiff is entitled to an award of attorneys' fees under the FLSA.

44.

Plaintiff has no plain, adequate or complete remedy to redress the allegation

contained herein and this suit for lost wages, back-pay, and declaratory judgment

and injunctive relief is the only avenue to secure adequate relief.

**IV.   COUNT ONE: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO PAY WAGES**

45.

Plaintiff incorporate by reference paragraphs 1 – 44 as if full set forth herein.

46.

Plaintiff as a non-exempt employee of the Defendants was entitled to be paid

for all hours worked.

47.

The Defendants have willfully failed to compensate Plaintiff for all hours

suffered during her employment, including paying Plaintiff her wages (including

those minimum wages) on their regular paydays.

48.

Defendants, by such failure, have willfully violated the wage provisions of the

FLSA.

49.

Defendants through such a failure to pay wages and minimum wages on time is an unlawful act under the FLSA and have willfully violated the provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.   Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.   Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.   Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.   All reasonable costs and attorneys' fees pursuant to the FLSA.

## V.   COUNT TWO: CLAIMS FOR VIOLATIONS OF THE FLSA - FAILURE TO OVERTIME WAGES.

50.

Plaintiff incorporates by reference paragraphs 1 – 49 as if fully set forth herein.

51.

Plaintiff, as a non-exempt employee of the Defendants, were entitled to be paid the overtime premium for all hours worked in excess of forty (40) hours per week.

### 52.

The Defendants have willfully failed to compensate Plaintiff for all hours suffered at the overtime premium for all hours worked in excess of forty (40) hours per week during her employment.

### 53.

By such failure, the Defendants have willfully violated the overtime provisions of the FLSA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment in favor for:

A.    Payment of all wages Plaintiff should have received under the FLSA, but for Defendants' willful violation;

B.    Payment of an equal amount of liquidated damages and interest pursuant to the FLSA;

C.    Such other legal and equitable relief including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled; and

D.    All reasonable costs and attorneys' fees pursuant to the FLSA.

Respectfully submitted, this 23rd day of January, 2019.

*Attorneys for Plaintiff*

**THE VAUGHN LAW FIRM, LLC**

/s/ Christopher D. Vaughn_____
Christopher D. Vaughn, Esq.
Georgia Bar No. 726226
cvaughn@thevaughnlawfirm.com
Frank DeMelfi, Esq.
Georgia Bar No. 320128
fdemelfi@thevaughnlawfirm.com
A. Brian Henson, Esq.
Georgia Bar No. 747269

315 W. Ponce de Leon Avenue
Suite 380
Decatur, Georgia 30030
phone: 404-378-1290
facsimile: 404-378-1295

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LaTONYA SHEARS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| UNIQ LOUNGE, LLC, | ) | |
| CORNELIUS BURKS AND | ) | JURY TRIAL REQUESTED |
| LaTOYA HENRY | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D</u>

The undersigned certifies that the foregoing **COMPLAINT** has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C).

Respectfully submitted this 23rd day of January, 2019.

**THE VAUGHN LAW FIRM, LLC**

*/s/ Christopher D. Vaughn*
Christopher D. Vaughn
Georgia Bar No. 726226
