# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **LaTONYA SHEARS,** | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO.: |
| | ) |
| vs. | )   1:19 - CV.397 |
| | ) |
| **UNIQ LOUNGE, LLC, AND** | ) |
| **CORNELIUS BURKS,** | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND COUNTERCLAIM

COMES NOW, UNIQ LOUNGE, LLC, c/o LATOYA HENRY, Defendant, in the above-referenced matter, by and through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure; hereby submit its Answer and Affirmative Defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant, Uniq Lounge has not been served with process, and does not waive this defense by virtue of answering herein.

## THIRD DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies and/or

failed to comply with any procedural prerequisites prior to bringing her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

### FOURTH DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

### FIFTH DEFENSE

Defendant avers that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### SIXTH DEFENSE

To the extent that Plaintiff alleges that none of Defendant, Uniq Lounge's employees acted in an unlawful manner, such conduct, if it occurred, was outside of the course and scope of that individual's employment, was not authorized or condoned by Uniq Lounge, and was undertaken without the knowledge or consent of Defendant, Uniq Lounge.  Thus Defendant, Uniq Lounge is not liable for any such conduct, if it occurred.

### SEVENTH DEFENSE

Without waiving any other defenses, Defendant answers Plaintiff's

individual paragraphs as follows:

1.

Defendant admits that jurisdiction can be conferred upon the court by 29 U.S.C. §§ 216(b), 215(e)(3) of the Fair Labor Standards Act, by 29 U.S.C. 1331, and by 28 U.S.C §1337, but denies this action by Plaintiff is subject to the Court's jurisdiction.

2.

Defendant denies.

3.

Defendant admits.

4.

Defendant admits.

5.

Defendant admits.

6.

Denied.

7.

Defendant admits.

8.

Denied.

9.

Denied.

**II. PARTIES**

10.

Defendant cannot admit nor deny.

11.

Defendant admits only that Plaintiff was at some point an employee of UNIQ LOUNGE.

12.

Defendant admits only that at some point in time Plaintiff was an employee of Defendant UNIQ Lounge.

13.

Denied.

14.

Admit.

15.

Admit.

16.

Denied.

17.

Denied.

18.

Denied.

19.

Denied.

20.

Admit.

21.

Admit.

22.

Admit.

23.

Denied.

III. FACTUAL ALLEGATIONS:

24.

Denied.

25.

Yes, full time.

26.

Defendant admits Part One of Plaintiff's Paragraph #26, but denies the

balance.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Admitted.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

Denied.

**AFFIRMATIVE AND OTHER DEFENSES:**

COUNT ONE:  CLAIMS FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA) FAILURE TO PAY WAGES.

45.

Plaintiff's paragraph #45 requires no response.

46.

Defendant admits that Plaintiff was entitled to be paid for all hours worked and was paid for all hours worked.  Defendant denies the balance of paragraph #46.

47.

Denied.

48.

Denied.

49.

Denied.

V. COUNT TWO:  CLAIMS FOR VIOLATIONS OF THE FLSA – FAILURE TO OVERTIME WAGES.

50.

Plaintiff's paragraph 50 does not require a response.

51.

Denied.

52.

Denied

53.

Denied.

# COUNTERCLAIM

COMES NOW, UNIQ Lounge, LLC, c/o LaToya Henry, Defendant herein and files this its Counterclaim for Damages and shows as follows:

1.

Plaintiff is subject to the jurisdiction of this Honorable Court.

2.

At the time of Plaintiff's employment, she was homeless and without means to meet her daily substance.

3.

In an act of kindness to Plaintiff, Defendant, Uniq Lounge allowed her to sleep in its place of business as well as eat until she could sustain herself.

4.

Additionally, during these dire times for Plaintiff, Uniq Lounge loaned Plaintiff an amount in excess of $800.00 to help her in her cause.

5

At no time did Plaintiff attempt to repay this loan prior to quitting

employment with Uniq Lounge.

6.

Defendant shows that Plaintiff's remaining balance to Uniq Lounge is $800.00.

WHEREFORE, after having fully answered Plaintiff's Complaint for Damages and having submitted Defendant's Counterclaim for Damages, Defendant prays as follows:

a.  that this matter be dismissed with all costs to the Plaintiff;

b.  that Defendant be awarded Damages in the amount of $800.00;

c. that the Defendant be awarded attorney's fees from Plaintiff for having to defend this       frivolous action;

f.  that Defendant be awarded any other relief the Court may deem necessary and proper.

Respectfully submitted this 13th day of May, 2019.

/s/Leonard Danley, Sr.
Leonard Danley, Sr.
Georgia Bar No. 204710
Attorney for Defendant

DANLEY & ASSOCIATES, P.C.
6519 Spring Street, Suite B
Douglasville, Georgia 30134
Phone: (770) 942-2053 Fax:     (770) 942-2051
Email:        firm@danleylaw.net

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LaTONYA SHEARS,** | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: |
| | ) |
| vs. | ) 1:19 - CV.397 |
| | ) |
| **UNIQ LOUNGE, LLC, AND** | ) |
| **CORNELIUS BURKS,** | ) |
| | ) |
| Defendant. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the Plaintiff with a copy of DEFENDANT'S ANSWER AND COUNTERCLAIM by efiling with the Clerk of Court using the ECF system which will send electronic notification and by placing same in the U.S. mail with proper postage and addressed as follows:

Christopher D. Vaughn
Frank DeMelfi
The Vaughn Law Firm, LLC
315 W. Ponce de Leon Avenue, Suite 380
Decatur, Georgia 30030
cvaughn@thevaughnlawfirm.com
fdemelfi@thevaughnlawfirm.com

Respectfully submitted this 13th day of May, 2019.

                                                      /s/Leonard Danley, Sr.
                                                      Leonard Danley, Sr.
                                                      Georgia Bar No: 204710
                                                      Attorney for Defendant

DANLEY & ASSOCIATES
6519 Spring Street, Suite B
Douglasville, Georgia 30134
Phone: (770) 942-2053   Fax: (770) 942-2051
firm@danleylaw.net

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LaTONYA SHEARS,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| vs. | ) | 1:19 - CV.397 |
| | ) | |
| **UNIQ LOUNGE, LLC, AND** | ) | |
| **CORNELIUS BURKS,** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1c

The undersigned certifies that the foregoing DEFENDANT'S ANSWER AND COUNTERCLAIM has been prepared using 14-point Times New Roman font in compliance with Local Rule 5.1(C)

Respectfully submitted this 13th day of May, 2019.

/s/Leonard Danley, Sr. _____
Leonard Danley, Sr.
Georgia Bar No: 204710
Attorney for Defendant

DANLEY & ASSOCIATES
6519 Spring Street, Suite B
Douglasville, Georgia 30134
Phone: (770) 942-2053  Fax: (770) 942-2051
firm@danleylaw.net